UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WALTER PAGE,

                    Petitioner,

                                        CASE NO. 2:06-CV-12229
v.                                      HONORABLE GEORGE CARAM STEEH

LINDA METRISH,

                    Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND (2) DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO
PROCEED ON APPEAL IN FORMA PAUPERIS**

I.      **Introduction**

        Walter Page ("Petitioner"), a Michigan prisoner, has filed a petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his

constitutional rights.  Petitioner was convicted of first-degree criminal sexual conduct ("CSC")

involving a person less than 13 years of age, Mich. Comp. L. § 750.520b(1)(a), following a jury

trial in the Roscommon County Circuit Court in 2003.  He was sentenced to 15 to 30 years

imprisonment.

        In his pleadings, Petitioner raises claims concerning pre-indictment delay and notice of

the charges, the admission of other acts evidence and expert testimony, the denial of a

continuance, prosecutorial misconduct, the validity of his sentence, and the effectiveness of trial

counsel.  For the reasons stated, the Court denies the petition for writ of habeas corpus.  The

Court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

## II.     Facts and Procedural History

Petitioner's conviction arises from his sexual conduct with his step-granddaughter sometime between August 23, 1995 and August 27, 1997. The felony information charged Petitioner with one count of first-degree CSC during that time frame. Petitioner did not object to the information or seek an amendment to the information before trial. The Michigan Court of Appeals set forth the underlying facts, which are presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd.* 41 Fed. Appx. 730 (6th Cir. 2002), as follows:

> Defendant's conviction arises out of the digital penetration of the victim, his step granddaughter. The victim, seventeen years of age at the time of trial, alleged that, years earlier, defendant would take her for driving lessons, during which he would sexually assault her. The victim testified that she received special attention and gifts from defendant that his other step grandchildren did not receive. The abuse stopped at the age of twelve, when the victim spent less time at her grandmother's home. The victim testified that she reported the abuse to a counselor after engaging in self-mutilation activity and after being placed in a psychiatric hospital. The victim had recently learned that she would have a niece and feared that the cycle of abuse would continue, causing her to report the abuse.
>
> On the contrary, defendant and his ex-wife, the victim's grandmother, portrayed the victim as a selfish, manipulative child who would lie to obtain what she wanted. They testified that defendant had promised to purchase the victim a car. However, after she was told that she would not receive a car, the report of abuse, that purportedly had occurred years earlier, was raised. They testified that defendant had been impotent for seven years.

*People v. Page*, No. 251629, 2005 WL 991301, *1 (Mich. Ct. App. April 28, 2005) (unpublished). At the close of trial, the jury convicted Petitioner of first-degree CSC. The trial court subsequently sentenced him to 15 to 30 years imprisonment.

Following sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals asserting the same claims contained in the current petition. The Michigan Court of

Appeals affirmed Petitioner's conviction and sentence. *People v. Page*, No. 251629, 2005 WL 991301 (Mich. Ct. App. April 28, 2005) (unpublished). The court also denied Petitioner's motion for reconsideration. Petitioner then sought leave to appeal with the Michigan Supreme Court, which was denied. *People v. Page*, 474 Mich. 941, 706 N.W.2d 22 (2005).

Petitioner thereafter filed the present habeas petition asserting the following claims:

I. The delay in charging the defendant, as well as lack of specificity fo time and information denied the defendant due process, right to proper notice of the charges, and his constitutional right to present a defense.

II. The court committed reversible error by admitting 404b testimony into evidence, by not adjourning the trial when defense counsel said she was not prepared, and by allowing a counselor to testify to specifics.

III. The prosecutor's actions denied the defendant a fair trial and his due process rights under the Michigan and Federal Constitutions.

IV. The defendant's sentence is invalid because it was based on inaccurate information, i.e., the court's improper scoring of the sentencing guidelines and use of an incorrect burden of proof, and therefore, his due process rights were violated, which requires resentencing.

V. The defendant's sentence must be reversed because it was disproportionate.

VI. The defendant should get a new trial because of ineffective assistance of trial counsel.

Respondent has filed an answer to the petition contending that it should be denied because the claims are barred by procedural default and/or lack merit. Petitioner has filed a reply to that answer.

## III. Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*., govern this case because Petitioner filed his

habeas petition after the AEDPA's effective date.  *See Lindh v. Murphy*, 521 U.S. 320, 336

(1997).  The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State court proceedings unless
> the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable
>        application of, clearly established Federal law, as determined by the
>        Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination
>        of the facts in light of the evidence presented in the State court
>        proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule

that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of

facts that are materially indistinguishable from a decision of [the Supreme] Court and

nevertheless arrives at a result different from [this] precedent.'"  *Mitchell v. Esparza*, 540 U.S.

12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see

also Bell v. Cone*, 535 U.S. 685, 694 (2002).  "[T]he 'unreasonable application' prong of §

2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the

correct governing legal principle from [the Supreme] Court but unreasonably applies that

principle to the facts' of petitioner's case."  *Wiggins v. Smith*, 539 U.S. 510, 520 (2003)

(quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694.  "In order for a federal court

find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's

decision must have been more than incorrect or erroneous.  The state court's application must

have been 'objectively unreasonable.'"  *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see*

*also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the Supreme Court's holdings, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

Lastly, this Court must presume that state court factual determinations are correct. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## IV.   Analysis

### A.   Pre-Indictment Delay and Notice of the Charges Claim

Petitioner first asserts that he is entitled to habeas relief due to the delay in charging him, as well as the lack of specificity of time and information, which denied him due process, the right to notice of the charges against him, and his right to present a defense. Respondent contends that this claim is barred by procedural default and does not warrant habeas relief.

Federal habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977). The doctrine of procedural default is applicable when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent." *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006), *cert. denied*, _ U.S. _, 127 S. Ct. 578 (2006); *see also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *Coleman v. Mitchell,* 244 F.3d 533, 539 (6th Cir. 2001). "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263-64 (1989). The last *explained* state court judgment should be used to make this determination. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991). If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. *Id.*

Here, the Michigan Court of Appeals rendered the last reasoned opinion. In denying relief on this claim, the court relied upon Petitioner's failure to object to the information or seek its amendment before trial. *See Page*, 2005 WL 991301 at *1. The failure to make a contemporaneous objection is a recognized and firmly-established independent and adequate state law ground for refusing to review trial errors. *See People v. Carines*, 460 Mich. 750, 763, 597 N.W.2d 130 (1999); *People v. Green*, 228 Mich. App. 684, 691, 580 N.W.2d 444 (1998) (failure to object to joinder of charges before trial); *People v. Covington*, 132 Mich. App. 79, 86, 346 N.W.2d 903 (1984) (failure to object to defective information at trial precludes reversal unless a manifest injustice resulted); *see also Coleman v. Thompson*, 501 U.S. 722, 750-51

(1991). Moreover, a state court does not waive a procedural default by looking beyond the default to determine if there are circumstances warranting review on the merits. *See Paprocki v. Foltz*, 869 F.2d 281, 285 (6th Cir. 1989). Plain error review does not constitute a waiver of state procedural default rules. *See Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000). Nor does a state court fail to sufficiently rely upon a procedural default by ruling on the merits in the alternative. *See McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991). The Michigan Court of Appeals denied this claim based upon a procedural default – the failure to properly object at the time of trial.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 753; *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996). Petitioner neither alleges nor establishes cause to excuse this procedural default. A federal habeas court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983).

Nonetheless, the court notes that Petitioner cannot establish prejudice as this claim lacks merit. Petitioner first asserts that his constitutional rights were violated by the delay in charging him with a crime. The Due Process Clause of the United States Constitution prohibits unjustified pre-indictment or pre-arrest delay. *See United States v. Lovasco*, 431 U.S. 783, 789 (1977); *United States v. Marion*, 404 U.S. 307, 324-26 (1971). To prevail on such a claim, a defendant must show substantial prejudice to his right to a fair trial and intent by the

prosecution to gain a tactical advantage. *Marion*, 404 U.S. at 324. Petitioner has made no such showing. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See, e.g., Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998). Further, the record indicates that the delay in charging Petitioner with the crime arose from the victim's delay in reporting the sexual abuse, not from the actions of the police or prosecutor. Petitioner could not be charged with a crime until is actions were reported to the authorities.

Petitioner relatedly asserts that the lack of specificity of time in the information denied him due process, proper notice of the charges, and the right to present a defense. A criminal defendant has a due process right to be informed of the nature of the accusations against him. *See Lucas v. O'Dea*, 179 F.3d 412, 417 (6th Cir. 1999). Notice and opportunity to defend against criminal charges as guaranteed by the Sixth Amendment to the United States Constitution are an integral part of the due process protected by the Fourteenth Amendment and therefore apply to state prosecutions. *See Cole v. Arkansas,* 333 U.S. 196, 201 (1948); *In Re Oliver,* 333 U.S. 257, 273 (1948). "The due process clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense." *Olsen v. McFaul,* 843 F.2d 918, 930 (6th Cir. 1988). The time of an offense is not an essential element that needs to be proven by the prosecution, but the time of the crime may implicate due process concerns if a defendant is denied adequate notice of the charge or an opportunity to present a defense. *See Scott v. Roberts*, 777 F. Supp. 897, 900 (D. Kan. 1991). A complaint or indictment need not be perfect under state law so long as it informs the defendant of the crime in sufficient detail so as to enable him to prepare a defense. Therefore, an indictment "which

fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings." *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986); *see also United States v. Nunez*, 668 F.2d 10, 12 (1st Cir. 1981); *Dell v. Straub,* 194 F. Supp. 2d 629, 653-54 (E.D. Mich. 2002).

Reviewing this claim for plain error, the Michigan Court of Appeals denied relief because Michigan law only requires that the information state the time of the offense as near as circumstances permit and does not require an exact date in the information. The court concluded that the prosecutor's inability to provide more specific dates resulted from the fact that the crime involved a young child and that time was not of the essence nor a material element of a criminal sexual conduct case when the victim is a child. The court also determined that Petitioner could not demonstrate prejudice to his ability to present a defense. *See Page*, 2005 WL 991391 at *1, n. 1.

The Michigan Court of Appeals' decision is neither contrary to federal law nor an unreasonable application of the law or the facts. First, to the extent Petitioner challenges the validity of the information under Michigan law, he is not entitled to habeas relief. Alleged trial court errors in the application of state law are generally not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Second, several courts have rejected similar claims that a state court information was fatally defective because it failed to allege a precise date or dates that a sexual assault against a child victim occurred. In *Fawcett v. Bablitch*, 962 F.2d 617, 618-19 (7th Cir. 1992), the United States Court of Appeals for the Seventh Circuit held that a criminal information which alleged that the habeas petitioner's sexual contact with the minor victim occurred over a six month period gave the petitioner

sufficient notice to defend the charges against him.  The Seventh Circuit acknowledged the difficulty of providing an alibi for a lengthy period of time, but reasoned that the allegations contained in the information were sufficient for the petitioner to challenge the child victim's veracity and memory, and the petitioner could also deny committing the offenses.  *Id.*

In *Brodit v. Cambra,* 350 F.3d 985, 988-89 (9th Cir. 2003), the United States Court of Appeals for the Ninth Circuit held that a California law which allowed a prosecutor to charge a a habeas petitioner with three or more acts of child sexual abuse on unspecified dates between June 12, 1992 and December 31, 1994 did not deprive him of notice and a fair opportunity to respond to the state's charges in violation of due process.  The Ninth Circuit cited to *People v. Jones*, 51 Cal. 3d 294, 270 Cal. Rptr. 611, 792 P.2d 643 (Cal. 1990), in which the California Supreme Court observed that a defendant could prepare an adequate defense even though child sexual abuse allegations spanning a lengthy period of time could preclude an alibi defense.  The California Supreme Court "reasoned that credibility is typically the major issue in child abuse cases, with most defendants denying not just specific incidents on specific dates, but denying that any abuse ever occurred at all."  *Brodit,* 350 F.3d at 988 (citing *Jones,* 51 Cal. 3d at 319). The Ninth Circuit further noted that defendants "can take advantage of a variety of effective defenses even in the absence of specific dates; for example, they can testify and deny the allegations, advance positive character evidence, develop evidence of a child's motive to lie, and show alibis for some incidents that, if credible, could cast doubt on the child's entire account." *Id.* at 988-89 (citing *Jones*, 51 Cal. 3d at 320).

In this case, Petitioner was not deprived of his constitutional rights as a result of the time frame set forth the information.  The fact that the two-year time frame may have affected

Petitioner's alibi defense did not deprive him of due process. A defendant cannot show that an imprecise indictment or information amounts to the deprivation of the constitutional right to adequate notice of the charges against him by merely establishing that the presentation of his defense was made more burdensome or difficult. *See State v. Mancinone,* 15 Con. App. 251, 258, 545 A.2d 1131 (Con. App. 1988) (charges that the defendant violated a statute by engaging in sexual activity with juveniles and by providing them with alcohol and illegal drugs at two locations between August 1982 and November 1984 were constitutionally sufficient, despite the defense claim that the charges were too vague to allow defendant to establish the defenses of alibi and impossibility or to show that victims' conduct conflicted with their testimony). Moreover, Petitioner was able to challenge the witnesses' credibility as to the dates and the events at issue through cross-examination. Additionally, Petitioner had the opportunity to deny the charges and present other favorable evidence, such as character testimony, as available. Petitioner was not denied due process, notice of the charges, nor the right to present a defense.

Lastly, the Court notes that any claim arising from a variance between the state criminal information and the evidence at trial is not reviewable by way of federal habeas corpus. *See Dell,* 194 F. Supp. 2d at 654.[1] Even in federal cases, a variance between the date of the crime set forth in the indictment or information and the proof at trial is not fatal as long as the acts alleged were committed within the statute of limitations and before the date of the indictment. *See United States v. Harris,* 344 F.3d 803, 805 (8th Cir. 2003). The information in this case satisfied those requirements.

---

[1] In this case, the time frame for the offense was amended to November, 1994 through August, 1997 to conform with the trial testimony regarding Petitioner's car ownership.

Petitioner has also not shown that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo,* 513 U.S. 298, 326-27 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner has made no such showing. This claim is thus barred by procedural default, lacks merit, and does not warrant habeas relief.

B.     Evidentiary Claims

Petitioner next asserts that he is entitled to habeas relief because the trial court erred in admitting other acts evidence and expert testimony. Respondent contends that these claims are not cognizable upon habeas review and/or lack merit.

Alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief. *See Estelle*, 502 U.S. at 67-68; *Serra v. Michigan Dept. of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Only when an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness," may it violate due process and warrant habeas relief. *See Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003); *Clemmons v. Sowders*, 34 F.3d 352, 356 (6th Cir. 1994).

As to the admission of prior bad acts, the United States Supreme Court has declined to hold that similar "other acts" evidence is so extremely unfair that its admission violates

12

fundamental conceptions of justice. *See Dowling v. United States*, 493 U.S. 342, 352-53 (1990).[2]  Thus, "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh*, 329 F.3d 496, 512 (6th Cir. 2003).  Consequently, there is no Supreme Court precedent that the state court decisions could be deemed "contrary to" under 28 U.S.C. § 2254(d)(1).  *Id.* at 513; *see also Adams v. Smith*, 280 F. Supp. 2d 704, 716 (E.D. Mich. 2003). Petitioner has failed to state a claim upon which habeas relief may be granted as to this issue.

Furthermore, even if Petitioner states a cognizable claim, he is not entitled to relief.  The Michigan Court of Appeals upheld the trial court's determination that the disputed evidence was properly admitted as evidence of a common scheme or plan.  *See Page*, 2005 WL 991301 at *2.  This decision is neither contrary to Supreme Court precedent nor an unreasonable application of the law or the facts.  The evidence concerning the other step-grandchildren was properly admitted under Michigan law as evidence of a common scheme or plan.  The prosecutor did not make a character or propensity argument and the trial court instructed the jury about the proper consideration of the evidence.  Petitioner has not shown that the admission of the other acts evidence rendered his trial fundamentally unfair.  He is thus not entitled to relief on this claim.

As to the expert witness testimony, the Court notes that a decision regarding the endorsement of a witness generally constitutes a state law matter within the trial court's discretion.  *See Hence v. Smith*, 37 F. Supp. 2d 970, 982 (E.D. Mich. 1999) (citing cases);

---

[2]While the Supreme Court has addressed whether prior acts testimony is permissible under the Federal Rules of Evidence, *see Old Chief v. United States*, 519 U.S. 172 (1997); *Huddleston v. United States*, 485 U.S. 681 (1988), it has not explicitly addressed the issue in constitutional terms.

*Whalen v. Johnson*, 438 F. Supp. 1198 (E.D. Mich. 1977).  This Court may only grant habeas relief to a person who is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  As noted, trial court errors in the application of state procedure or evidentiary law, particularly regarding the admissibility of evidence, are generally not cognizable as grounds for federal habeas relief.  *See Estelle*, 502 U.S. at 67-68.  Only when an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness," may it violate due process and warrant habeas relief.  *See Bugh*, 329 F.3d at 512.

The expert witness's testimony, which addressed the victim's self-mutilation and delay in reporting the abuse and the fact that sexual abuse victims are often related to their abusers, did not deprive Petitioner of a federal constitutional right.  The Michigan Court of Appeals reviewed this claim as a matter of state law and concluded that the trial court did not abuse its discretion by admitting the expert testimony.  *See Page*, 2005 WL 991301 at *2.  This Court will not disturb the state court's determination that the expert testimony was proper under Michigan law.  Petitioner has not shown that the state court's decision is contrary to or an unreasonable application of Supreme Court precedent or the facts.  He has also not demonstrated that his trial was rendered fundamentally unfair.  Petitioner had ample opportunity to challenge the expert's testimony, and he was not deprived of exculpatory evidence or denied the ability to defend the charges.  Habeas relief is not warranted on this claim.

C.  <u>Continuance Claim</u>

Petitioner also asserts that he is entitled to habeas relief because the trial court denied substitute counsel's request for a continuance.  Respondent contends that this claim lacks merit.  A trial court has broad discretion in determining whether to grant or deny a motion for a

continuance in a criminal case. *See Unger v. Sarafite*, 373 U.S. 575, 589 (1964); *see also Morris v. Slappy*, 461 U.S. 1, 11 (1983) (recognizing that trial courts have "broad discretion" in matters related to continuances). When a habeas petitioner challenges the grant or denial of such a request, not only must there have been an abuse of discretion, the trial court's decision "must have been so arbitrary and fundamentally unfair that it violates constitutional principles of due process." *Bennett v. Scroggy*, 793 F.2d 772, 774-75 (6th Cir. 1986).

The Michigan Court of Appeals denied relief on this claim finding that the trial court did not abuse its discretion where the record indicated that newly-retained counsel had ample time to prepare the case and was prepared for trial, even though her strategy was unsuccessful. *See Page*, 2005 WL 991301 at *2 n. 2. This decision is neither contrary to Supreme Court precedent nor an unreasonable application of the law or the facts. In the state courts and in this court, Petitioner has only speculated that additional preparation time for counsel would have provided some unidentified assistance to his case. The record indicates that counsel had a month to prepare for trial and had the benefit of prior counsel's work. Petitioner has not shown what more counsel could have done or what exculpatory evidence would have been discovered which would have benefitted his defense. Conclusory allegations are insufficient to justify federal habeas relief. *See, e.g., Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998). Petitioner is not entitled to relief on this claim.

D.   Prosecutorial Misconduct Claims

Petitioner next asserts that he is entitled to habeas relief due to prosecutorial misconduct. Specifically, Petitioner claims that the prosecutor presented irrelevant and prejudicial prior bad acts evidence, omitted an important part of witness Vincent Kinsel's plea bargain, and

improperly used the expert witness to bolster the victim's credibility. Respondent contends that these claims lack merit.

The United States Supreme Court has stated that prosecutors must "refrain from improper methods calculated to produce a wrongful conviction." *Berger v. United States*, 295 U.S. 78, 88 (1935). To prevail on a claim of prosecutorial misconduct, a habeas petitioner must demonstrate that the prosecutor's remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). The United States Court of Appeals for the Sixth Circuit has adopted a two-part test for determining whether prosecutorial misconduct violates a defendant's due process rights. *See Macias v. Makowski*, 291 F.3d 447, 452 (6th Cir. 2002) (citing cases). First, the court must determine whether the challenged statements were indeed improper. *Id*. at 452. Upon a finding of impropriety, the court must decide whether the statements were flagrant. *Id.* Flagrancy is determined by an examination of four factors: 1) whether the statements tended to mislead the jury or prejudice the accused; 2) whether the statements were isolated or among a series of improper statements; 3) whether the statements were deliberately or accidentally before the jury; and 4) the total strength of the evidence against the accused. *Id.*

Petitioner first asserts that the prosecutor engaged in misconduct by deliberately presenting irrelevant and highly prejudicial other acts evidence. The Michigan Court of Appeals ruled that this claim lacks merit because the trial court determined that the evidence was admissible prior to trial. *See Page*, 2005 WL 991301 at *2. This Court agrees. Given the state courts' determinations that the evidence was admissible, Petitioner cannot establish that the prosecutor's conduct was improper or that it violated his constitutional rights.

Petitioner also asserts that the prosecutor omitted an important part of a plea bargain for Vincent Kinsel, Petitioner's cellmate who testified at trial. The Michigan Court of Appeals denied relief on this claim finding no record evidence that the prosecutor excluded key portions of the plea agreement. *See Page*, 2005 WL 991301 at *2. This Court agrees. The record reveals that the prosecution disclosed the details of Kinsel's plea bargain to the trial court and defense counsel during a motion hearing before trial. Petitioner objects to Kinsel's failure to describe with specificity the terms of his plea bargain when he testified at trial. The prosecutor, however, was not required to delve into the issue as Kinsel did not offer false testimony nor mislead the jury. Defense counsel had ample opportunity to inquire into the specific terms of Kinsel's bargain on cross-examination. More importantly, the jury was well aware of the fact that Kinsel received consideration, a beneficial plea bargain, in exchange for his testimony. Petitioner has failed to show that the prosecutor committed misconduct or that his trial was rendered fundamentally unfair.

Lastly, Petitioner asserts that the prosecutor improperly used the expert's testimony to bolster the victim's credibility. The Michigan Court of Appeals found this claim to be without merit because the prosecutor properly utilized the expert to explain why child victims may delay reporting abuse and why a child may participate in certain activity, which assisted the trier of fact. *See Page*, 2005 WL 991301 at *2. This Court agrees that the prosecutor's action was proper under state law and did not render the trial fundamentally unfair. Petitioner has failed to show that the Michigan Court of Appeals' decision is contrary to Supreme Court precedent or an unreasonable application thereof. Habeas relief is therefore not warranted on these claims.

E.    Sentencing Claims

Petitioner also asserts that he is entitled to habeas relief because his sentence was based on inaccurate information due to incorrect scoring of the guidelines and the use of an incorrect burden of proof.  Petitioner relatedly asserts that his sentence is disproportionate.  Respondent contends that these claims are barred by procedural default and/or lack merit.

Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review, unless the petitioner can show that the sentence imposed exceed the statutory limits or is wholly unauthorized by law.  *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).  Petitioner challenges the scoring of his sentencing guidelines under state law.  A claim that the state sentencing guidelines were incorrectly scored fails to state a claim upon which federal habeas relief can be granted because it is basically a state law claim.  *See Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).  State courts are the final arbiters of state law and the federal courts will not intervene in such matters.  *See Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987).

Additionally, to the extent that Petitioner asserts that his sentence is disproportionate under state law, he fails to state a claim for federal habeas relief.  *See Austin v. Jackson*, 231 F.3d 298, 300 (6th Cir. 2000) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)); *Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994).  There is also no federal constitutional right to individualized sentencing.  *See United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995).  It is well-established that federal habeas relief does not lie for perceived errors of state law.  *See, e.g., Estelle*, 502 U.S. at 67-68.  Petitioner is not entitled to habeas relief on his state law

sentencing issues.

A sentence may violate due process, however, if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (criminal defendant must have a meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, the petitioner must show that the trial judge relied on the allegedly false information. *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner has made no such showing. The record reveals that the trial court considered the facts and circumstances of the crime, the pre-sentence report, and other permissible factors at sentencing. Petitioner had an opportunity to contest the accuracy of the reports, the scoring of the guidelines, and other sentencing factors. Petitioner has not shown that the trial court relied upon materially false or inaccurate information in imposing sentence. Habeas relief is not warranted on such a basis.

Petitioner also raises a Sixth Amendment challenge to the trial court's sentencing procedure. In *Apprendi v. New Jersey*, 530 U.S. 466, 530 (2000), the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court applied *Apprendi* to a state sentencing guideline scheme, under which the maximum penalty could be increased by judicial fact-finding, held that the state guideline scheme violated Sixth Amendment rights, and reiterated that any fact that increased the maximum sentence must

be admitted by the defendant or proven to a jury beyond a reasonable doubt. *See United States v. Booker*, 543 U.S. 220, 232 (2005). Petitioner cites *Apprendi* and *Blakely* in his pleadings.

This claim lacks merit. The *Blakely* line of cases does not apply to Michigan's intermediate sentencing scheme. In Michigan, the maximum sentence is established by statute and cannot be varied by the sentencing judge; the judge's only discretion is in setting the minimum sentence. The federal courts within this Circuit have examined Michigan's indeterminate sentencing scheme and have found no possible Sixth Amendment violation. *See Tironi v. Birkett*, No. 06-1557, 2007 WL 3226198 (6th Cir. Oct. 26, 2007) (unpublished); *Delavern v. Harry*, No. 07-CV-13293, 2007 WL 2652603, *3-4 (E.D. Mich. Sept. 7, 2007); *Connor v. Romanowski*, No. 05-74074, 2007 WL 1345066 (E.D. Mich. May 4, 2007); *McNall v. McKee*, No. 1:06-CV-760, 2006 WL 3456677, * 2 (W.D. Mich. Nov.30, 2006); *accord People v. Drohan*, 475 Mich. 140, 160-62, 715 N.W.2d 778 (2006). Petitioner is thus not entitled to habeas relief on his sentencing claims.[3]

F.    Ineffective Assistance of Counsel Claims

Lastly, Petitioner asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to adequately prepare for trial, failing to present expert testimony on a false memory defense, allowing the jury to hear that the defense had 15 witnesses during voir dire but only calling three witnesses at trial, failing to present evidence regarding Petitioner's ownership of the car where the assault occurred during the relevant time period, failing to properly voir dire the jury, failing to renew an objection to other acts evidence, failing to object

---

[3]Given this determination, the Court need not address Respondent's argument that the sentencing claims are barred by procedural default.

to the expert witness's testimony, failing to properly cross-examine witnesses, presenting an inadequate closing argument, and failing to make objections at sentencing and seek a lesser sentence. Respondent contends that these claims lack merit.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just

21

result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 686).

The Michigan Court of Appeals denied relief on this claim, finding that Petitioner had failed to establish that defense counsel was ineffective under the *Strickland* standard. In reaching this conclusion, the court ruled that the record did not reflect that counsel was ill-prepared and found that counsel's actions were based upon reasonable trial strategy. *See Page*, 2005 WL 991301 at *3. Having reviewed the record, the Court concludes that the Michigan Court of Appeals' decision in this regard is neither contrary to Supreme Court precedent nor an unreasonable application of the law or the facts.

Petitioner first claims that defense counsel was unprepared for trial. Defense counsel has a duty to prepare for trial and conduct a reasonable investigation into a defendant's case, or to make a reasonable determination that such investigation is unnecessary. *See, e.g., O'Hara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994); *Workman v. Tate*, 957 F.2d 1339, 1345-46 (6th Cir. 1992). Petitioner's assertion that counsel was unprepared for trial is belied by the record. Although counsel sought a continuance before trial, the record indicates that counsel had a month to prepare the case and had the opportunity to review police reports, witness statements, and prior counsel's work prior to trial. Petitioner has failed to show that counsel acted unreasonably or deficiently. Petitioner has also failed to show that he was prejudiced by counsel's conduct. He does not indicate with specificity what additional information counsel would have discovered upon further investigation or how additional preparation would have aided his defense. Conclusory allegations without evidentiary support do not provide a basis for habeas relief. *See, e.g., Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998) (conclusory

allegations of ineffective assistance of counsel do not warrant habeas relief); *Zettlemoyer v. Fulcomer,* 923 F.2d 284, 301 (3rd Cir. 1991) (bald assertions do not provide sufficient basis for an evidentiary hearing in habeas proceedings).

Petitioner relatedly asserts that counsel was deficient for failing to pursue or present expert testimony on a false memory defense. Petitioner admits, however, that counsel questioned the prosecution's expert about false memories of sexual abuse and that the expert admitted that children can have such memories. Petitioner has not shown what additional evidence should have been offered which would have aided his defense. Conclusory allegations are insufficient to warrant habeas relief. *See Workman*, 160 F.3d at 287. Further, such testimony was not particularly germane to the case given Petitioner's defense that the sexual abuse never occurred and that the victim was fabricating the allegations because Petitioner did not buy her a car as promised. The fact that trial counsel's strategy was ultimately unsuccessful does not mean that counsel was ineffective. *See, e.g., Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002) ("an ineffective-assistance-of-counsel claim cannot survive so long as the decisions of a defendant's trial counsel were reasonable, even if mistaken"). Petitioner has not shown that counsel was ineffective in this regard.

Petitioner also contends that counsel was deficient allowing the jury to hear that the defense had 15 witnesses during voir dire but only calling three witnesses at trial. Decisions as to what evidence to present and whether to call certain witnesses are presumed to be a matter of trial strategy, and the failure to call witnesses or present other evidence constitutes ineffective assistance of counsel only when it deprives a defendant of a substantial defense. *See Chegwidden v. Kapture*, 92 Fed. Appx. 309, 311 (6th Cir. 2004); *Hutchison v. Bell*, 303 F.3d

720, 749 (6th Cir. 2002). Petitioner has not rebutted this presumption. He has not presented the testimony of additional witnesses nor shown that such testimony would have aided his defense. Further, his claim that the jury would be troubled by the voir dire reference to potential witnesses who were not produced at trial is speculative and does not warrant habeas relief.

Petitioner also claims that counsel was deficient for failing to present evidence that he sold the car (in which an assault of the victim occurred) on August 4, 1995 prior to time of August 23, 1995 to August 23, 1997 set forth in the charging documents. Petitioner concedes that he and his wife testified to this information, but asserts that counsel should have provided additional evidence from the new owners or sale documents to bolster the testimony. Petitioner, however, has not presented such evidence to support his claim. As noted, conclusory allegations are insufficient to warrant habeas relief. *See Workman*, 160 F.3d at 287. Furthermore, Petitioner has not shown that he was prejudiced by counsel's conduct given that such evidence would have been cumulative to other trial testimony, that time is not of the essence in sexual assault cases involving children, that the time frame was amended to include dates when Petitioner admittedly owned the car, and that Petitioner's defense was that he never abused the victim in the car or anywhere else. Petitioner has thus failed to show that counsel was ineffective under *Strickland, supra*.

Petitioner also asserts that defense counsel failed to properly voir dire the jury. Petitioner, however, has not demonstrated how the jury selection process impeded his right to a fair trial, nor has he shown that the impaneled jury was biased against him or otherwise unable to render a fair and impartial verdict. He has thus failed to establish that counsel erred and/or that he was prejudiced by counsel's conduct.

Petitioner complains that counsel failed to properly object to the admission of other acts evidence and the expert witness's testimony. As discussed *supra*, however, the state courts' determined that such evidence was properly admitted under Michigan law. Defense counsel cannot be deemed deficient for failing to make a futile objection. *See McQueen*, 99 F.3d at 1328. Further, given this Court's determination that such evidence did not deprive Petitioner of a fair trial, Petitioner cannot establish that counsel was deficient or that he was prejudiced by counsel's conduct under the standard set forth in *Strickland, supra*.

Petitioner also contends that defense counsel failed to properly cross-examine witnesses. The trial record demonstrates that counsel cross-examined the prosecution witnesses and pointed out inconsistencies and weaknesses in their testimony, including possible motives for testifying falsely. Counsel was not required to impeach the witnesses with every possible inconsistency in order to provide effective representation. Petitioner has not shown that counsel's conduct was constitutionally deficient or that he was prejudiced by counsel's conduct.

Petitioner next claims that defense counsel presented an inadequate closing argument. Decisions concerning opening and closing statements are matters of trial strategy. *See, e.g., United States v. Williams*, 195 F.3d 823, 827 (6th Cir. 1999). Petitioner has failed to establish that trial counsel's closing argument, which emphasized the defense that the abuse did not occur and that the victim fabricated the allegations because she was not given a car, was unreasonable. Petitioner has also not shown that he was prejudiced by counsel's conduct.

Lastly, Petitioner contends that defense counsel was ineffective for failing to object to the pre-sentence report and the scoring of the sentencing guidelines and for failing to seek a lesser sentence. Petitioner first asserts that the pre-sentence report erroneously indicated that he

made confessions to the probation officer who prepared the report. Petitioner has not shown, nor can the Court discern, how such statements, even if erroneous, negatively affected his sentence. Petitioner has thus failed to establish that counsel was ineffective.

Petitioner relatedly asserts that defense counsel was ineffective for failing to object to the scoring of Offense Variables 12 (two or more criminal sexual penetrations), 13 (psychological injury to the victim), and 25 (contemporaneous criminal acts) at sentencing. Counsel may have determined that such objections would be futile because there was evidence in the record to support the scoring of those offense variables. The victim recalled two specific penetration incidents and two other girls testified about Petitioner's improper actions towards them. The victim also testified that she had engaged in self-mutilation and had received counseling and been hospitalized for mental health reasons. Counsel may have thus reasonably decided not to challenge the scoring of the disputed offense variables. Petitioner has also not shown that counsel erred or that he was prejudiced by counsel's decision not to argue for a sentence at the low end of the guidelines or to seek leniency at sentencing. Although Petitioner faced a life sentence on the first-degree CSC conviction, the court sentenced him within the recommended guideline range. The court was well aware of the circumstances of the crime, as well as Petitioner's age and background when it imposed sentence. Additionally, the Court notes that Petitioner had the opportunity to allocute at sentencing, but said nothing on his own behalf. Given such circumstances, Petitioner has failed to establish that defense counsel was ineffective under the *Strickland* standard. Habeas relief is not warranted on these claims.

V.       **Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal

habeas relief on the claims presented in his petition.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

For the reasons stated, this Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims. The Court also concludes that jurists of reason would not find the Court's procedural ruling debatable. No certificate of appealability is warranted in this case nor should Petitioner be granted leave to

proceed on appeal *in forma pauperis*.  *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed on appeal *in forma pauperis* is **DENIED**.


Dated:  May 27, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 27, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---